INGRAM, Presiding Judge.
The parties were divorced in 1986. Custody of the two minor children was placed with the mother, and the father was ordered to pay child support. In January 1990, the mother filed a petition for modification of child support, alleging changed circumstances. The mother asked the trial court to compute the child support to be paid by the father in accordance with the mandatory child support guidelines embodied in Rule 32, Alabama Rules of Judicial Administration. Thereafter, the father filed a counterclaim in which he also sought modification of the prior order setting child support. The father requested that his child support obligation be decreased to an amount commensurate with that obtained by applying the child support guidelines.
Following an ore tenus proceeding, the trial court found that no material change in circumstances warranting a modification of child support had occurred. Therefore, the trial court refused to apply the child support guidelines to modify the child support obligation. The mother brings this appeal.
Both the mother and the father assert in their briefs on appeal that the trial court erred in failing to fix child support in accordance with the Rule 32 child support guidelines.
At the outset, we note that we have recently addressed the same issue which is presented for our consideration in this appeal. In Moore v. Moore, 575 So.2d 95 (Ala.Civ.App.1990), we determined that the trial court was not obligated to follow the child support guidelines where the court found that there had not been a sufficient change in circumstances to justify a modification. In light of this, we find that this case is due to be affirmed on the authority of Moore, supra.
AFFIRMED.
ROBERTSON, J., concurs.
RUSSELL, J., dissents.